**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 0:20-cv-6195

**DEVDATTA BHOGTE**,

    Plaintiff,

v.

**PHOENIX MANAGEMENT SERVICES, INC.**,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Devdatta Bhogte ("Plaintiff") sues Defendant Phoenix Management Services, Inc., LLC ("Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Florida corporation, with its principal place of business located in Lauderdale Lakes, Florida.

5. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. This action involves the debt arising from a transaction between Majestic Gardens Condominium "C" Association, Inc., the original creditor, and Plaintiff involving the provision of maintenance and upkeep services for Plaintiff's residence, the likes of which were primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

9. Plaintiff is the alleged debtor of the Consumer Debt.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

14. Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect, or otherwise attempt to collect, the Consumer debt from Plaintiff.

15. Defendant is a debt collector governed by the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. Defendant is not registered with the Florida Office of Financial Regulation as "Consumer Collection Agency."

17. Defendant has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

18. Defendant does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

19. Defendant cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

20. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

21. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

22. Defendant sent a collection letter, internally dated August 27, 2020, to Plaintiff in an attempt to collect the Consumer Debt (the "Collection Letter #1"). Attached as Exhibit "A" is a copy of the Collection Letter.

23. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

24. The Collection Letters is a communication from Defendant to Plaintiff in an attempt to collect the Consumer Debt.

25. Defendant did not disclose in the Collection Letter that: [1] Defendant is a debt collector; [2] Defendant is attempting to collect a debt; and [3] that any information obtained will be used for debt collection purposes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26. Defendant did not provide the disclosures and/or information required by § 1692g(a)(3)-(5) of the FDCPA within Collection Letter #1 or otherwise within five days thereof.

27. At no point in time did Defendant provide Plaintiff with the information and/or disclosures required by § 1692g(a)(3)-(5) of the FDCPA.

28. At no point in time Did Defendant provide Plaintiff with the information and/or disclosures required by § 1692e(11) of the FDCPA.

29. The Collection Letters each demand payment from Plaintiff in the amount of $3,635.00.

30. Defendant's collection activities, *i.e.*, the Collection Letters it mailed to Plaintiff in an attempt to collect the Consumer Debt, each constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785

31. Plaintiff disputes the validity of the Consumer Debt.

32. Plaintiff would have disputed the Consumer Debt and requested validation of the Consumer Debt in accordance with the FDCPA if Defendant provided Plaintiff with the disclosures required by § 1692g(a)(3)-(5); however, Defendant failed to provide such disclosures to Plaintiff, and as a result, Plaintiff was not afforded the opportunity to dispute the Consumer Debt or request validation of the Consumer Debt.

33. In the Collection Letter, Defendant states:

> Please be advised that unless payment is received by our office , IN FULL, within ten (10) days from the date of this letter, the Association will have no alternative but to begin legal collection action, which may included recording a Lien against you home and Foreclosing the Lien, if payment is not received by he Association's attorney.

PAGE | **4** of **13**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34. Given the intense language used by Defendant in the Collection Letter, the harm suffered by Plaintiff due to Defendant's failure to provide the disclosures commanded by § 1692g(a)(3)-(5) is compounded.

35. In the Collection Letter, Defendant threatens that the creditor "will have no alternative but to begin legal collection action, which may included [*sic*] recording a Lien against you home and Foreclosing the Lien, if payment is not received by he [*sic*] Association's attorney." *See* Exhibit A.

36. Because Defendant did not provide Plaintiff with the disclosures required by § 1692g(a)(3)-(5), Defendant caused Plaintiff to believe that Plaintiff's only option was to pay the entire amount sought by Defendant because, as per the Collection Letter, Defendant claims Plaintiff's failure to pay in full within ten (10) days will leave the Creditor with no choice but to commence legal action. Such wrongful tactics could have been rebuffed by a dispute and/or validation request under the FDCPA. Defendant, however, wrongfully omitted the disclosures *commanded* by § 1692g(a)(3)-(5), and as a result, Plaintiff was prevented from exercising Plaintiff's right and/or ability to dispute the Consumer Debt.

37. In addition to causing Plaintiff actual harm, the Collection Letters wasted Plaintiff's time. Plaintiff would not have wasted time reading the Collection Letters, Plaintiff would not have wasted time trying to understand why Plaintiff was the target of wrongful and otherwise unlawful collection activity, and Plaintiff would not have wasted time deliberating what to do about the Collection Letters. At minimum, all such wasted time would have been completely avoided had Defendant not sent the Collection Letters to Plaintiff or if Defendant provided the disclosures and/or information required by the FDCPA – but such is not the case.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38. Notwithstanding the time which the Collection Letter caused Plaintiff to waste, Defendant, by and through the Collection Letter, inflicted frustration, pain, confusion, and distrust, as well as emotional turmoil, onto Plaintiff. All of the aforementioned injuries suffered by Plaintiff constitute a concrete harm.

## ARTICLE III STANDING

39. "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). Simplified, Article III standing has three leading components: (1) *injury in fact*; (2) *causation*; and (3) *redressability.*

40. "The 'foremost' standing requirement is **injury in fact**." Trichell at *8 (emphasis added) (*quoting* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998)).

41. "An injury in fact consists of '**an invasion of a legally protected interest**' that is both '**concrete** and **particularized**' and '**actual** or **imminent**, not conjectural or hypothetical.'" Trichell at *8 (emphasis added) (*quoting* Lujan, 504 U.S. 555 at 560). Simplified, *injury in fact* has four components: an (1) actual or imminent, and not conjectural or hypothetical, (2) invasion of a legally protected interest (3) that is concreate and (4) particularized. *See* Spokeo, 136 S. Ct. 1540 at 1548 ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (*quoting* Lujan, 504 U. S. 555 at 560)); *see also* Cooper v. Atl. Credit

PAGE | **6** of **13**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

& Fin., No. 19-12177, 2020 U.S. App. LEXIS 23719, at *8 (11th Cir. July 28, 2020) ("To establish standing, a plaintiff must instead '**show that the violation harmed … the underlying concrete interest that Congress sought to protect**.'" (emphasis added) (*quoting* Casillas v. Madison Ave. Assocs., 926 F.3d 329, 333 (7th Cir. 2019)).

42. "To be **particularized**, the injury 'must affect the plaintiff in a personal and individual way.' [*quoting* Lujan, 504 U. S. 555 at 560 n.1]. In other words, 'the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.' [*quoting* Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)]. The same principle holds true when the plaintiff invokes a statutory cause of action: 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a **concrete**, **particularized**, and **personal injury** to that person as a result of the violation of the newly created legal rights.'" Trichell at *17 (emphasis added) (*quoting* Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015)).

43. "A '**concrete**' injury must be '*de facto*' – that is, it must be '**real**, and not abstract.'" Trichell at *8 (emphasis added) (*quoting* Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)). "As a general matter, **tangible injuries qualify as concrete**." Trichell at *8 (*quoting* Spokeo, 136 S. Ct. 1540 at 1549). Allegations of either having "**made any payments** in response to" a challenged collection letter "or even … **wasted time** *or* **money** in determining whether to do so" are tangible and otherwise concrete injuries. Trichell at *8 (emphasis added).

## SCOPE OF TRICHELL

44. In Trichell, the Eleventh Circuit pointedly grappled the *injury in fact* component of Article III standing – and in particular – whether the *intangible* injuries alleged by the plaintiffs were capable of satiating the overarching *injury in fact* requirement. The Trichell court observed

the injuries alleged by the plaintiffs as *intangible* because, although claiming to have **received** *misleading* and *unfair* collection letters that violated their rights under 15 U.S.C. § 1692e (generally prohibiting *misleading* communications in connection with the collection of a consumer debt) and § 1692f (generally prohibiting *unfair* communications in connection with the collection of a consumer debt), **neither plaintiff alleged to have been misled or otherwise unfairly mislead by their respective collection letter**.

45. Without allegations indicating that the plaintiffs themselves were misled, and because the *specific* section of the FDCPA advanced by the plaintiffs only prohibited *misleading* communications, any ability to satiate Article III standing by the plaintiffs quickly crumbled. Put differently, because the plaintiffs' claim was that the underlying collection letters were misleading and/or otherwise unfair, **in light of the fact that neither plaintiff alleged to have been misled themselves**: [1] there was no palpable *actual* injury, but instead, merely the risk of an *imminent* injury, of which the court found insufficiently imminent, *and* [2] there was no sufficiently concrete *or* particularized injury because the plaintiffs did not allege more than an injury to a cognizable interest (*i.e.*, the plaintiffs *only* alleged the collection letters could unlawfully mislead the least sophisticated consumer, and *not* that the plaintiffs themselves were unlawfully mislead).

46. Simply put, Trichell confirms that, to the extent a plaintiff is seeking to enforce an invasion of a statutorily created interest (*e.g.*, § 1692e of the FDCPA which *generally* prohibits misleading communications in connection with the collection of a debt from a debt collectors), a plaintiff cannot manifest the necessary *injury in fact* unless the plaintiff alleges a **concrete**, **particularized**, and **personal injury** caused by the violation of said statutorily created right.

47. With respect to Plaintiff and the immediate action, Trichell affords *some* utility to the analysis of whether Plaintiff has sustained and alleged the necessary *injury in fact*. In large,

however, Trichell is of limited application, as the focus of Trichell was the sufficiency of the *intangible* injury alleged by the plaintiffs.

48. Here, unlike the plaintiffs of Trichell, Plaintiff has sustained *tangible injuries*, *see* supra ¶¶ 33-41, the likes of which are objectively concrete. *See* Trichell at *8 *(*exemplifying allegations of either having "made any payments in response to" a challenged collection letter "or even … wasted time or money in determining whether to do so" as tangible and otherwise concrete injuries for purposes of Article III standing).

49. Further, as alleged below, because Defendant's violation of 15 U.S.C. § 1692e(2)(A) (of which condemns, among other things, *false* representations regarding the *character* or *amount* of the underlying debt) caused *tangible* injury to Plaintiff, it is without question that Plaintiff's *actual* injuries are sufficiently *particularized*. Thus, Plaintiff has sufficiently established the *injury in fact* component of Article III standing, leaving only *causation* and *redressability* – the likes of which are equally satisfied, as a decision in Plaintiff's favor will afford Plaintiff both the *actual* and *statutory* damages sought herein and, *but for* the Collection Letter, Plaintiff *would not* have sustained the complained of concrete injuries.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

50. Plaintiff incorporates by reference paragraphs 1-50 of this Complaint as though fully stated herein.

51. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). (emphasis added).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52. Here, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

53. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

54. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Actual damages as provided by 15 U.S.C. §1692k;

    (b)    Statutory damages as provided by 15 U.S.C. §1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

### *COUNT II.*
### **VIOLATION OF 15 U.S.C. § 1692e(11)**

55. Plaintiff incorporates by reference paragraphs 1-50 of this Complaint as though fully stated herein.

56. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he failure to disclose in the initial written communication with*

PAGE | **10** of **13**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*" 15 U.S.C. § 1692e(11) (emphasis added).

57. Here, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Nowhere in the Collection Letter, however, did Defendant disclose to Plaintiff that [1] Defendant is a debt collector; [2] Defendant is attempting to collect a debt; and [3] that any information obtained will be used for debt collection purposes. As such, by failing to disclose such information to Plaintiff in the Collection Letter, Defendant, by and through the Collection Letter, violated § 169e(11) of the FDCPA.

58. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Actual damages as provided by 15 U.S.C. §1692k;

    (b)    Statutory damages as provided by 15 U.S.C. §1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

### *COUNT III.*
### VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)

59. Plaintiff incorporates by reference paragraphs 1-50 of this Complaint as though fully stated herein.

60. Here, the Collection Letter was a communication Plaintiff received from Defendant in connection with the collection of a Consumer Debt. The Collection Letter, however, did not

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

contain the information explicitly required by §1692g(a)(3)-(5) and Plaintiff was not notified of said omitted disclosures within five (5) days of having received the Collection Letter.

61. As set forth above, Plaintiff, in fact, disputes the validity of the Consumer Debt, but Defendant failed to notify Plaintiff of Plaintiff's right and/or ability to dispute the Consumer Debt under the FDCPA. Plaintiff would have disputed, and otherwise requested validation of, the Consumer Debt in accordance with the rights afforded to Plaintiff under the FDCPA had Defendant provided Plaintiff with the disclosures and/or information required by § 1692g(a)(3)-(5). Because Defendant failed to provide such disclosures and/or information to Plaintiff, Plaintiff was unable to invoke Plaintiff's right to dispute and request validation of Consumer Debt.

62. Defendant violated § 1692g(a) of the FDCPA by failing to notify Plaintiff of the information and/or rights § 1692g(a)(3)-(5) requires Defendant to adequately disclose to Plaintiff, if not during Defendant's initial communication with Plaintiff, then in *in writing* within five (5) days thereof.

63. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Actual damages as provided by 15 U.S.C. §1692k;

    (b)    Statutory damages as provided by 15 U.S.C. §1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

DATED: September 25, 2020

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**

                                      Florida Bar No.: 118377
                                      E-mail:     tom@jibraellaw.com
                                      THE LAW OFFICES OF JIBRAEL S. HINDI
                                      110 SE 6th Street, Suite 1744
                                      Fort Lauderdale, Florida 33301
                                      Phone:     954-907-1136

PAGE | **13** of **13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com